Frank T. AMMIRATO,
Petitioner-Appellant,

v.

Jack W. HANBERRY, Warden,
Respondent-Appellee.

No. 86–8071
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1986.

Frank J. Petrella, Atlanta, Ga., for petitioner-appellant.

J. William Boone, Asst. U.S. Atty., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant filed a petition for a writ of habeas corpus in the district court, challenging a decision of the United States Parole Commission. The district court referred the matter to a magistrate, who recommended that the petition be denied. The district court accepted the magistrate's recommendation, and we affirm.

Appellant pled guilty to nineteen various narcotics and weapons charges; on August 1, 1979, the United States District Court for the Northern District of Georgia imposed a twenty-six year sentence. Appellant had his initial parole hearing on October 15, 1979. In determining release dates, the Commission sets the severity of the offenses and then applies its guidelines for such offenses. 18 U.S.C. § 4206. The Commission is free to deviate from the guidelines for good cause. 18 U.S.C. § 4206. After the initial hearing the Commission set a severity rating for appellant's offense of Greatest I,[1] but declined to set a presumptive release date, and continued appellant's case to a ten year reconsideration in 1989. The offenses appellant committed were not individually Greatest I of-

---

1.  28 C.F.R. § 2.20 (1980). The Parole Commission has adopted new regulations with different terminology for severity of offenses. 28 C.F.R. § 2.20 (1985).

fenses, but the guidelines allow increase of the severity level for multiple offenses. 28 C.F.R. § 2.20 General Notes (1985). The ten years was longer than the guidelines for Greatest I offenses, but the Commission found that:

> Your offense behavior has been rated as Greatest I severity because it involved distribution of 6,000 doses of amphetamines, a conspiracy to distribute $200,-000 worth of marijuana, two automatic rifles, 24 ounces of PCP, and a conspiracy to possess silencers.

> You have a salient factor score of 6 (see attached sheet). You have been in custody a total of 8 months. Guidelines established by the Commission for adult cases which considered the above factors indicate a range of 52–64 months to be served before release for cases with good institutional program performance and adjustment. After a review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense value involved in the following aggravating factors: You were involved in an organized, on-going conspiracy during which you actively participated in dangerous criminal activity.

Appellant contends that the decision of the Parole Commission violates due process because the Commission used the same reason, appellant's multiple offenses, both to elevate appellant's offense to the Greatest I category, and to set a release date beyond what the guidelines call for in Greatest I cases. We disagree. Appellant pled guilty to nineteen separate violations, and many of these offenses fell within the range of severity just below Greatest I. His conduct went well beyond what was necessary to place his offense in Greatest I, and accordingly it was completely reasonable to go beyond the Greatest I guidelines. Moreover, the decision to exceed the guidelines was not simply because of the number of offenses, but because they showed that the appellant was involved in sophisticated

and continuing criminal activity. *See Alessi v. Quinlan*, 711 F.2d 497 (2d Cir.1983).

AFFIRMED.